# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1959 CEJ |
| | ) | |
| MEDICAL STAFF/ST. LOUIS JUSTICE CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Hightower (registration no. 105362), an inmate in the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.80. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.00, and a negative monthly balance. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.80, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. The only named defendants are "Medical Staff" and St. Louis City Justice Center. Plaintiff alleges that when he was arrested on June 19, 2014, the police assaulted him and injured his left arm. Plaintiff claims that the police took him to the Justice Center, where his injury was noted but not treated. Plaintiff says that he

did not receive any medical treatment for several weeks.  According to plaintiff, when his arm was finally x-rayed it was discovered that he had two fractures.  Plaintiff seeks monetary relief.

**Discussion**

Plaintiff has not named a proper defendant that can be sued under § 1983.  See <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (1992) (police departments are not suable entities because they are subdivisions of city government); <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994) (fictitious parties, like "medical staff," cannot be named as defendants.).  As a result, the complaint is legally frivolous.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint.  Plaintiff shall have until January 5, 2014, to do so.  Plaintiff must name as defendants the individuals directly responsible for his injuries, and he must state whether he intends to sue defendants in their official or individual capacities, or both.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint as directed, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.80 no later than **January 5, 2015**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint no later than **January 5, 2015**.

Dated this 9th day of December, 2014.

                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE