# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HIGHTOWER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:14CV1959 CEJ |
| CITY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Plaintiff's allegations, liberally construed, state a plausible claim for relief against defendants Richard Edwards and Anthony Davis. However, plaintiff's allegations against the remaining defendants fail to state a claim upon which relief can be granted.

### The Amended Complaint

Plaintiff sues defendants in both their individual and official capacities under 42 U.S.C. § 1983. Defendants are the City of St. Louis, Jeffrey Carson (Superintendent of the St. Louis City Justice Center), Richard Edwards (St. Louis City Police Officer), Dorothy Stewart (Director of Nursing, Justice Center), and Anthony Davis (Licensed Practical Nurse, Justice Center). The Court accepts the allegations in the amended complaint as true and gives them a liberal construction.

Plaintiff was arrested for and charged with domestic assault, endangering the welfare of a child, and resisting arrest. Plaintiff asserts that the officers who arrested him, including defendant Edwards, used excessive force, injuring his left shoulder.

When the transporting officers arrived at the Justice Center, the admitting nurse told them that plaintiff needed to be seen at the hospital for his left shoulder injury before he could be

admitted to the Justice Center. Plaintiff says that the officers did not comply with the nurse's instructions. He claims they waited for a shift change and then presented plaintiff to defendant Davis. Plaintiff told Davis about his inability to move his arm. Davis admitted him to the Justice Center and told him he would be seen by medical personnel "upstairs." Plaintiff states that he was not seen by medical personnel "for weeks." Plaintiff further states that he was victimized by other inmates during that time because he could not move his arm.

Plaintiff alleges that an x-ray exam showed that his left shoulder was fractured in two places. Plaintiff claims he was treated with a sling and "real painkillers."

Plaintiff states that he is suing defendants Carson and Stewart because they are supervisors and should have made sure their employees did their jobs correctly.

**Discussion**

The factual allegations made against defendants Edwards and Davis in their individual capacities, while not precise, can be read to state a sufficiently plausible claim for relief under § 1983. As a result, the Court will direct the Clerk to serve these defendants with process.

The amended complaint does not state a claim against the City of St. Louis or against the defendants in their official capacities. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the Court will dismiss plaintiff's claims against the City as well as plaintiff's official capacity claims.

Plaintiff's supervisory liability claims against Carson and Stewart also fail to state a claim upon which relief can be granted. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir.

1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Finally, the Court notes that plaintiff is unable to pay the partial initial filing fee of $1.80 at this time. Therefore, the Court will waive the fee until such time as plaintiff can afford to pay it.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Richard Edwards and Anthony Davis.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Richard Edwards and Anthony Davis shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants City of St. Louis, Jeffrey Carson, or Dorothy Stewart because, as to these defendants, the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the partial initial filing fee requirement is **waived** until such time as plaintiff can afford to pay it.

An order of partial dismissal will accompany this Memorandum and Order.

Dated this 6th day of January, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE