UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1959 (CEJ) |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Anthony Davis for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff has responded in opposition, and the issues are fully briefed.

I. **Background**

Plaintiff David Hightower brings this 42 U.S.C. § 1983 action claiming that he was denied proper medical care during his incarceration at the St. Louis Justice Center. In the amended complaint, plaintiff alleges that police officers used excessive force when arresting him on June 19, 2014, injuring his left shoulder. When the officers transported plaintiff to the Justice Center, a nurse told the officers that plaintiff's left shoulder injury needed to be treated at the hospital before he could be admitted to the Justice Center. Plaintiff alleges that the officers did not comply with the nurse's instructions, but instead waited for a shift change and had defendant Davis, a nurse, admit him.

Plaintiff told Davis about the injury to his arm, and Davis told him he would be seen by medical personnel upstairs at the Justice Center. Plaintiff states that he

did not receive effective medical treatment for his arm until July 9, 2014, nearly three weeks later. Plaintiff was in continuous pain during this time and could not defend himself against other inmates due to his arm's impaired functioning and limited range of motion. He continuously asked for medical treatment and for information on how to file a complaint. When he finally received an x-ray, plaintiff states that his left shoulder was fractured in two places. His injury was treated with a sling and prescription pain medication.

Plaintiff concedes that he did not use the Justice Center's grievance system, but states that he only became aware of the grievance process and exhaustion requirement after commencing this action. His informal resolution request to the Division of Corrections was rejected for untimeliness. Defendant Davis filed the instant motion for summary judgment on the basis of plaintiff's failure to exhaust his administrative remedies.

## II.  Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586-87 (1986). If the moving party meets its burden, the non-moving party may not rest on the allegations of its pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Gannon Intern., Ltd. v. Blocker, 684 F.3d 785, 792 (8th Cir. 2012); Gibson v. American Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Industrial Co.., 475 U.S. at 587).

## III. Discussion

The Prison Litigation Reform Act (PLRA) requires a prisoner to first exhaust available administrative remedies before bringing a § 1983 action. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199 (2007); Burns v. Eaton, 752 F.3d 1136, 1141 (8th Cir. 2014). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012) (internal citations and quotations omitted). Failure to exhaust is an affirmative defense, and defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 211-12.

"Available remedies are 'capable of use for the accomplishment of a purpose: immediately utilizable [and] accessible.'" Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (quoting Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)). Inmates are excused from exhausting remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir.

3

2005). "A remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." Porter, 781 F.3d at 452 (quoting Miller, 247 F.3d at 740) (internal quotations omitted).

Section 3.3.3 of the St. Louis City Division of Corrections (DOC) Inmate Grievance Policy (2010) sets forth a three-step process for exhaustion. [Doc. #30-2]. First, the inmate must file an Informal Resolution Request (IRR) within ten working days of the actual incident or awareness of the incident. If the inmate is dissatisfied with the IRR response, the inmate must file a formal grievance complaint within five days. If the inmate is dissatisfied with the grievance response, the inmate has five days to complete an appeal form. Once the appeal response is issued, the inmate has exhausted the formal grievance process. Failure to observe timelines in this process, unless waived, will terminate the grievance process and results in non-exhaustion.

On November 7, 2014, plaintiff filed an IRR concerning the June 19, 2014 alleged assault and subsequent denial of medical care. [Doc. #30-1]. His IRR was rejected for failing to comply with the ten-day IRR deadline as set forth in the DOC grievance procedure. While it is undisputed that the DOC had a grievance procedure and plaintiff did not exhaust that procedure as defined in the policy, the allegations in the amended complaint and evidence in the record raise a genuine dispute of material fact as to whether plaintiff was informed of or aware of the grievance policy. See Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a).") (internal quotations omitted).

4

To demonstrate plaintiff's knowledge of the grievance procedure, defendant attached a "Resident Education" form signed by plaintiff on June 23, 2014, stating that "[t]he following information has been given to me about . . . Healthcare Grievances." [Doc. #38-1]. Setting aside the vagueness of this description, plaintiff plainly refutes receiving any information about the grievance procedure until November 2014. In support of his response in opposition, plaintiff attached an affidavit stating that he continuously asked for medical treatment and for information on how to file a complaint against staff for failure to provide any medical treatment after his detention. [Doc. #36-1]. Correctional officers simply told him to "write a note to medical." Id. at ¶6. No one at the Justice Center explained the grievance procedure to plaintiff, and he was not provided a copy of the inmate handbook containing the grievance procedure until several months after he was detained. Id. at ¶7. As such, there is a genuine issue of material fact in the record as to whether the grievance procedure was an actual "available" remedy to plaintiff. See Hall v. Sheahan, No. 2000-C-1649, 2001 WL 11019, at *12 (N.D. Ill. Feb. 2, 2001) ("An institution cannot keep inmates in ignorance of the grievance procedure and then fault them for not using it. A grievance procedure that is not made known to inmates is not an 'available' administrative remedy.").

The Court concludes that defendant has not met his burden of showing that plaintiff failed to exhaust available administrative remedies under the PLRA. Therefore, the defendant is not entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Anthony Davis for summary judgment [Doc. #29] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2015.