UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID HIGHTOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:14-CV-1959 (CEJ) |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Anthony Davis to dismiss the first amended complaint for failure to state a claim. Plaintiff has not responded and the time for doing so has expired.

### I. **Background**

Plaintiff David Hightower brings this 42 U.S.C. § 1983 action claiming that he was denied proper medical care during his incarceration at the St. Louis Justice Center. In the amended complaint, plaintiff asserts that police officers used excessive force when arresting him on June 19, 2014, injuring his left shoulder. When officers transported plaintiff to the Justice Center, an unidentified nurse told the officers that plaintiff's left shoulder injury needed to be treated at the hospital before he could be admitted to the Justice Center. Instead of taking him to the hospital, plaintiff alleges that the officers waited for a shift change to have another nurse, defendant Anthony Davis, admit him.

During plaintiff's intake screening, plaintiff told Davis both about the injury to his arm and what the first nurse had said. Davis told him he would be seen by medical personnel once he was taken upstairs. However, plaintiff states that he did

not receive effective medical treatment for his arm "for weeks." During this time, plaintiff was in continuous pain and could not defend himself against other inmates due to his arm's impaired functioning and limited range of motion. He continuously asked for medical treatment and for information on how to file a complaint. When he finally received an x-ray, plaintiff states that his left shoulder was fractured in two places. His injury was treated with a sling and "real painkillers."

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). Plaintiff has attached exhibits to his complaint, including grievance documents filed with the Division of Corrections for the City of St. Louis. These materials are necessarily embraced by the complaint, and the Court may consider these in ruling on the motion to dismiss.

### III. Discussion

Plaintiff's claim in the amended complaint is that Davis was deliberately indifferent to plaintiff's serious medical needs. "It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A claim of deliberate indifference involves both an objective and subjective analysis. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. Id. "A medical need is objectively serious if it either has been 'diagnosed by a physician as requiring treatment' or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014) (quoting Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need."

3

McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009)). The subjective component requires "a mental state akin to criminal recklessness." Vaughn, 557 F.3d at 908 (quoting Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)).

Davis argues that the deliberate indifference claim should be dismissed because (1) plaintiff has not factually pled he had serious medical needs; (2) plaintiff has not factually pled that Davis actually knew of, but deliberately disregarded, such needs; (3) plaintiff has failed to demonstrate that the alleged delay in treatment amounted to deliberate indifference since he has not pled an objective amount of time for the delay; and (4) the factual allegations suggest that plaintiff received medical attention prior to undergoing x-rays of his shoulder.

Reading the factual allegations in the complaint in the light most favorable to plaintiff, the Court disagrees with Davis's contentions. With respect to the objective component of deliberate indifference, a shoulder fractured in two places suffices to constitute an objectively serious medical need. See Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998) ("There is no doubt that the plaintiff had a serious medical need. His hand had been broken."); Robinson v. Moreland, 655 F.2d 887, 890 (8th Cir. 1981) ("A broken hand can be considered by the jury to be a serious injury."). With respect the subjective component, plaintiff has asserted factual allegations to support his claim that Davis actually knew of plaintiff's injured arm, but deliberately disregarded his serious medical need. Plaintiff alleges that the first nurse who saw him at the Justice Center recognized that plaintiff could barely move his left arm and refused to admit him until he received medical care at a hospital. Plaintiff also alleges that he informed Davis of the injury to his arm and the first

4

nurse's response.  Plaintiff further alleges that Davis ignored his request for immediate medical attention and instead sent him upstairs where he was not seen by medical staff.  As such, the allegations in the complaint support plaintiff's deliberate indifference claim against Davis.

Davis further argues that plaintiff's allegation that he did not receive medical treatment "for weeks" does not establish an objective length of time to support his claim of deliberate indifference for the alleged delay in treatment.  "When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, 'the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment.'"  Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (quoting Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995)).  An inmate's suit in such a case must fail if he does not present any "verifying medical evidence . . . that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis."  Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (quoting Beyerbach, 49 F.3d at 1326).

In contrast to Davis's contentions, however, in an exhibit to his amended complaint, plaintiff specifically stated that he "walked around for two weeks with no medical attention."  Attach. 1 [Doc. #1-1] (included with plaintiff's informal resolution request form); see also Pl.'s Note to Clerk [Doc. #9-1] (requesting the clerk to include Attachments 1-3 from his original filings with his amended complaint).  Plaintiff alleges that objective medical evidence, specifically x-rays, demonstrated that his shoulder was fractured in two places.  He further claims his injury included "open cuts and bruises that could have gotten infected," he was in pain prior to receiving medical treatment, and he was harassed and assaulted by

5

other inmates who recognized that plaintiff could not defend himself. At this stage in the proceedings, these allegations are sufficient to support plaintiff's claim that the delay in medical treatment caused by Davis amounted to deliberate indifference. See Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) ("Prisoners may prove deliberate indifference by showing that the total deprivation of medical care resulted in 'pain and suffering' or 'a lingering death.'") (quoting Estelle, 429 U.S. at 103).

Finally, Davis asks the Court to reach inferences in his favor and against plaintiff by finding that plaintiff "implicitly" admitted he received medical attention between the time of his admission to the Justice Center and the date he underwent x-rays. However, courts are required to "construe the complaint liberally in the light most favorable to the plaintiff," Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008), "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556. Accepting the factual allegations in amended complaint as true and viewing them in the light most favorable to the plaintiff, plaintiff did not receive medical attention for his shoulder until weeks after his arrival at the Justice Center at which time he had an x-ray examination.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Anthony Davis to dismiss [Doc. #42] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2015.

6